CHIEF MAGISTRATE JUDGE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. MJ20-336 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM IN SUPPORT OF RELEASE |
| MARGARET AISLINN CHANNON, | ) | |
| Defendant. | ) | |

Margaret Channon, through counsel, Assistant Federal Public Defender Vanessa Pai-Thompson, submits this memorandum and attached exhibits to provide the Court with additional information in advance of her July 15, 2020 detention hearing.

**I.      Proposed Release Plan**

Ms. Channon proposes that she be released to live with her mother at the verified address listed in the Pretrial Services Report. Her mother has offered to take on the responsibility of serving as a third-party custodian, should the Court believe this is necessary. *Exhibit B*. Ms. Channon is also amenable to participating in a mental health evaluation and counseling. *Exhibit C*. Counsel and Ms. Channon have also discussed other conditions frequently imposed in this district as components of pretrial supervision (e.g., urinalysis testing, substance abuse evaluation, reporting requirements, travel restrictions), and she is prepared to abide by all conditions the Court imposes. She understands that any bond violations could result in her being returned to custody.

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Channon*, MJ20-336) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Counsel submits that location monitoring is unnecessary in this case given Ms. Channon's strong community ties, stable release address with a third-party custodian, minimal prior contacts, and other conditions of release. Also relevant to this issue is that, as the government has stated, there is no evidence that Ms. Channon is a member of any terrorist organization or hate group. Should location monitoring be imposed, curfew is appropriate rather than home detention. Notwithstanding counsel's arguments herein and during the detention hearing regarding location monitoring being unnecessary, Ms. Channon will abide by any conditions the Court deems appropriate.

## II. Detention Hearing Exhibits

The defense submits the following exhibits for Ms. Channon's detention hearing:

*Exhibit A*—Exhibit A includes information about people across the country who have been released on bond in cases charging arson and arson-related offenses. In addition to charging information, the chart describes conditions of release imposed.

*Exhibit B*—Exhibit B is an executed Agreement to Supervise.

*Exhibit C*—Exhibit C is a memorandum to the Court by Federal Public Defender Social Worker Dan Potter-Engelskirger regarding Ms. Channon and available community mental health resources.

*Exhibit D*—Exhibit D is comprised of eight statements of support submitted on Ms. Channon's behalf. Since in-person appearances are not presently possible under modified court operations due to the COVID-19 pandemic, Ms. Channon's community cannot appear before the Court during the hearing. Their support for her was, thus, provided via email to counsel for submission to the Court. Additional parties also reached out to counsel to express support for Ms. Channon. The letters speak to Ms. Channon's kindness, generosity, and commitment to her community.

Exhibits B–D are being submitted under seal due to safety concerns. Since Ms. Channon's arrest, loved ones have been subjected to harassment. As addressed in

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Channon*, MJ20-336) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

the defense's Motion to Seal Exhibits, which will be filed subsequent to this Memorandum, the defense should be permitted to file the exhibits under seal. Counsel further requests that the Court, government, and Probation not refer to the parties, Ms. Channon's workplace, or the locations at which she may receive mental health treatment by name in pleadings or orally during the hearing.

### III. Conclusion

Notwithstanding the presumption applicable in this case, release is well-warranted by the facts that will be before the Court at the hearing. Detention is unnecessary. At the hearing, the Court will have the benefit of the amended Pretrial Services Report, Ms. Channon's proposed release plan, and the defense's exhibits and argument. Ms. Channon respectfully requests that the Court release her on an appearance bond with pretrial supervision and appropriate conditions.

DATED this 13th day of July 2020.

Respectfully submitted,

s/ *Vanessa Pai-Thompson*
Assistant Federal Public Defender
Attorney for Margaret Channon

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Channon*, MJ20-336) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**