**PEOPLE RELEASED PRE-TRIAL IN PROTEST-RELATED CASES INVOLVING ALLEGED ARSON AND/OR POSSESSING EXPLOSIVES OR DESTRUCTIVE DEVICES**

| PEOPLE CHARGED | DISTRICT & NO. | CHARGES & GREATEST CHARGED MM SENTENCE | SUMMARY OF ALLEGED CONDUCT[1] | CONDITIONS OF RELEASE[2] |
|---|---|---|---|---|
| Brandon Althof Long<br><br>Devon Poland | NDOH: 20-cr-0290 | Four-count indictment:[3] Conspiracy to riot and cause civil disorder; Conspiracy to use fire to commit any felony; Interstate travel to riot; Transporting any firearm in furtherance of civil disorder. | Following detention for alleged curfew violation, police searched Mr. Long, Mr. Poland, and Mr. Long's vehicle. Found inside the vehicle was a Glock .45 pistol, ammunition, a hammer, a BB gun, a bottle of liquid fire starter, two iPhones, and a bottle of liquor police believe was earlier looted from a store. iPhones alleged to include messages discussing traveling to Ohio from Pennsylvania to participate in demonstrations, and to include statements about bringing supplies to make a Molotov cocktail. | Mr. Althof Long: $20,000 unsecured appearance bond; passport surrender, travel restrictions, mental health evaluation and/or counseling, drug testing, location monitoring with curfew.<br><br>Mr. Poland: WDPA Rule 5: $20,000 unsecured appearance bond; third-party custodian, location monitoring (home detention), no excessive alcohol use. NDOH adopts WDPA bond and modifies to add travel restrictions, drug testing, treatment. |
| Jabari Davis | EDNC: 20-mj-1572 | One-count complaint:[4] Maliciously damage by means of fire a vehicle owned by the City of Raleigh which receives federal assistance.<br><br>*5-year mandatory minimum* | Alleged arson of marked Raleigh Police SUV at a police station. Fire coming from SUV's fuel-filler area. Also charred landscaping behind the SUV. | Third-party custodian, no excessive alcohol use, drug testing and treatment. |

---

[1] Summary information taken from court filings and justice.gov reports.
[2] *Not listed:* standard conditions of supervision and other routinely imposed conditions (e.g. passport surrender; employment; residence; search; no possessing firearms, destructive devices, dangerous weapons; no possession of controlled substances without a prescription; no contact with victims or witnesses).
[3] 18 U.S.C. § 371 (count 1); 18 U.S.C. §§ 844(h)(1) and (m) (count 2); 18 U.S.C. § 2101(a) (count 3); 18 U.S.C. § 231(a)(2) (count 4).
[4] 18 U.S.C. § 844(f) (indictment waived).

1

## PEOPLE RELEASED PRE-TRIAL IN PROTEST-RELATED CASES INVOLVING ALLEGED ARSON AND/OR POSSESSING EXPLOSIVES OR DESTRUCTIVE DEVICES

| PEOPLE CHARGED | DISTRICT & NO. | CHARGES & GREATEST CHARGED MM SENTENCE | SUMMARY OF ALLEGED CONDUCT[1] | CONDITIONS OF RELEASE[2] |
|---|---|---|---|---|
| Terry Dorsey[5]<br><br>Kenyatta Huggins<br><br>Shamyrin Johnson | MDLA: 20-cr-0041 | Five-count indictment:[6] Conspiracy to commit arson affecting interstate commerce; Arson affecting interstate commerce.<br><br>*5-year mandatory minimum* | Alleged to have set fire to four commercial establishments over the course of two days (Tai Industries, Inc.; AutoZone Auto Parts Store; Tiger Tire Shop; and AAA Tire Shop). Complaint alleges that each said their motive was related to the current protests regarding police conduct. | Ms. Huggins and Mr. Johnson: Drug testing and treatment, location monitoring (curfew), no protests unless pre-approved. *Government withdrew motions for detention as to both.* |
| Vincent Eovacious | DMA: 20-mj-4101 | Two-count complaint:[7] Civil disorder; Possession of an unregistered firearm. | Alleged to have stood on top of a building near a large crowd blocking traffic and throwing objects at police, and from there yelled for the crowd to kill police. Also alleged to have removed a bottle with liquid inside and attempted to insert a rag into it while holding a lighter. When stopped and searched, police recovered three glass bottles filled with liquid, rags, and lighters from his backpack. Alleged to have said the liquid was gasoline and that he was "with the anarchist group" and was "waiting for an opportunity." | $5,000 unsecured bond; mental health treatment, no alcohol use, location monitoring (home detention), third-party custodian. |

---

[5] Detained (detention stipulation).
[6] 18 U.S.C. §§ 844(n) and (i) (count 1); 18 U.S.C. §§ 844(i) and 2 (counts 2–5).
[7] 18 U.S.C. § 231(a)(3); 26 U.S.C. §§ 5861(d) and 5871.

## PEOPLE RELEASED PRE-TRIAL IN PROTEST-RELATED CASES INVOLVING ALLEGED ARSON AND/OR POSSESSING EXPLOSIVES OR DESTRUCTIVE DEVICES

| PEOPLE CHARGED | DISTRICT & NO. | CHARGES & GREATEST CHARGED MM SENTENCE | SUMMARY OF ALLEGED CONDUCT[1] | CONDITIONS OF RELEASE[2] |
|---|---|---|---|---|
| Samuel Frey[8] | DMN: 20-cr-0129 | <u>One-count indictment:</u>[9] Arson. *5-year mandatory minimum* | Alleged arson of health and nutrition store. Mr. Frey alleged to be captured on video pouring flammable hand sanitizer onto a shelving unit and igniting it. | Mental health assessment and treatment, location monitoring (home detention), halfway house, no alcohol use, drug testing. |
| Cyril Lartigue | WDTX: 20-mj-0501 | <u>One-count complaint:</u>[10] Possession of an unregistered firearm (destructive device). | Video alleged to capture Mr. Lartigue manufacturing a destructive device in a parking lot next to Austin Municipal Court's entrance. Alleged to have fled when police entered the area, leaving the device behind. Upon arrest, a bottle containing lighter fluid, rags, and a butane lighter found in his backpack. | No excessive alcohol use, drug testing and treatment, location monitoring (home detention). *Magistrate Judge ordered release; District Court Judge upheld release on government appeal of release order.* |

---

[8] A second person was initially charged with Mr. Frey and released on bond with conditions including drug testing and treatment, location monitoring (home detention), and mental health assessment and treatment. The government subsequently moved to dismiss charges against her.

[9] 18 U.S.C. § 844(i).

[10] 26 U.S.C. § 5861(d).

3

## PEOPLE RELEASED PRE-TRIAL IN PROTEST-RELATED CASES INVOLVING ALLEGED ARSON AND/OR POSSESSING EXPLOSIVES OR DESTRUCTIVE DEVICES

| PEOPLE CHARGED | DISTRICT & NO. | CHARGES & GREATEST CHARGED MM SENTENCE | SUMMARY OF ALLEGED CONDUCT[1] | CONDITIONS OF RELEASE[2] |
|---|---|---|---|---|
| Colinford Mattis<br><br>Urooj Rahman | EDNY: 20-cr-0203 | Seven-count indictment:[11] Use of explosives; Arson; Using an explosive to commit a felony; Arson conspiracy; Use of a destructive device; Civil disorder; Possession and making a destructive device.<br><br>*45-year mandatory minimum* | Ms. Rahman is alleged to have thrown a Moltov cocktail at a parked, unoccupied, NYPD vehicle and fled in a tan mini-van driven by Mr. Mattis. Government indicates Moltov cocktail components were located in the mini-van upon stop and arrest, and that Ms. Rahman offered Moltov cocktails to others. | Mattis and Rahman: $250,000 bond secured by sureties; mental health evaluation and treatment, location monitoring (home detention).<br><br>*Magistrate Judge ordered release; District Court Judge upheld release on government appeal; Second Circuit stayed release order pending appeal, then upheld release order on appeal.* |
| LaTroi Newbins | DUT: 20-cr-0182 | One-count information:[12] Arson in interstate commerce.<br><br>*5-year mandatory minimum* | Video alleged to depict Mr. Newbins throwing "combustible material" onto overturned, burning marked Salt Lake City Police Department patrol car. Video alleged to also depict Mr. Newbins standing on top of overturned patrol car before it was lit on fire. | Drug testing and treatment, mental health evaluation and treatment, location monitoring (home detention). |

---

[11] 18 U.S.C. §§ 844(f)(1), 2 and 3551 *et seq.* (count 1); 18 U.S.C. §§ 844(i), 2 and 3551 *et seq.* (count 2); 18 U.S.C. §§ 844(h)(1), 2 and 3551 *et seq.* (count 3); 18 U.S.C. §§ 844(n) and 3551 *et seq.* (count 4); 18 U.S.C. §§ 924(c)(1)(B)(ii), 2 and 3551 *et seq.* (count 5); 18 U.S.C. §§ 231 (a)(3), 2 and 3551 *et seq.* (count 6); 26 U.S.C. §§ 5861(d) and 5861(f); 18 U.S.C. §§ 2 and 3351 *et seq.* (count 7).

[12] 18 U.S.C. §§ 844(i) and 2 (indictment waived).

4

### PEOPLE RELEASED PRE-TRIAL IN PROTEST-RELATED CASES INVOLVING ALLEGED ARSON AND/OR POSSESSING EXPLOSIVES OR DESTRUCTIVE DEVICES

| PEOPLE CHARGED | DISTRICT & NO. | CHARGES & GREATEST CHARGED MM SENTENCE | SUMMARY OF ALLEGED CONDUCT[1] | CONDITIONS OF RELEASE[2] |
|---|---|---|---|---|
| Justin Spry | DNJ: 20-mj-3013 | Two-count complaint:[13] Attempt to damage government property by fire; Attempt to damage property in commerce by fire.<br><br>*5-year mandatory minimum* | Video alleged to capture Mr. Spry and another attempting to ignite a marked police vehicle by stuffing cloth into the gas tank and lighting it. Mr. Spry alleged to have attempted to flee law enforcement when arrested. | $150,000 unsecured bond; third-party custodian, drug testing and treatment, mental health testing and treatment, location monitoring (home detention), no social media posts regarding subject of complaint. |
| Tyree Walker<br><br>Devarian Haynes<br><br>Ricardo Densmore[14] | DNV: 20-cr-0126 | Four-count indictment:[15] Conspiracy to commit arson (two counts); Arson (two counts).<br><br>*5-year mandatory minimum* | Alleged to have set fire to an unoccupied Las Vegas Metropolitan Police Department (LVMPD) patrol vehicle. Government indicates a social media video captured the event, leading to identifications and arrests. Video alleged to depict Mr. Haynes pouring liquid from a gas can through a broken or missing window of the patrol vehicle, Mr. Walker igniting the liquid, and Mr. Haynes dropping the gas can into the patrol vehicle. All three people charged are alleged to have fled upon hearing sirens from an approaching LVMPD vehicle. | Mr. Walker: Conditions include location monitoring and third-party custodian. Full conditions not available (bond not posted to docket). District Court upholds release order and adds condition: no protests for 30 days without Pretrial Services permission.<br><br>Mr. Haynes: No excessive alcohol use, drug testing and treatment, mental health treatment; COVID-19 related conditions. District Court upholds release order and adds condition: no protests for 30 days without Pretrial Services permission. |

---

[13] 18 U.S.C. §§ 844(f)(1) and 2 (count 1); 18 U.S.C. §§ 844(i) and 2 (count 2).
[14] Ordered detained by District Court Judge on government appeal of Magistrate Judge's release order.
[15] 18 U.S.C. § 844(n) (counts 1 and 3); 18 U.S.C. §§ 844(i) and 2 (count 2); 18 U.S.C. §§ 844(f)(1) and 2 (count 4).