UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Appellant,<br><br>  v.<br><br>MARGARET AISLIINN CHANNON,<br><br>                Defendant-Appellee. | No.   20-30154<br><br>D.C. No.<br>2:20-mj-00336-MLP-1<br>Western District of Washington,<br>Seattle<br><br>ORDER |

Before:  THOMAS, Chief Judge, SCHROEDER and CALLAHAN, Circuit Judges.

Dissent by Judge CALLAHAN

This is an appeal from the district court's pretrial release order.  We have

jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

We review the district court's factual findings concerning risk of flight and

the danger that appellee poses to the community under a "deferential, clearly

erroneous standard."  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

(quoting *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)).  The

conclusions based on such factual findings, however, present a mixed question of

fact and law.  *Hir*, 517 F.3d at 1086.

A review of the record reveals that the district court applied the correct legal

standard, including the statutory presumption in favor of detention in this case.  *See*

18 U.S.C. § 3142(e)(3)(C).  The district court did not err in concluding that the

conditions of release imposed on appellee would "reasonably assure" appellee's appearance and the safety of the community. *See id.* § 3142(c). We therefore affirm the district court's pretrial release order.

**AFFIRMED.**

20-30154

Callahan, Circuit Judge, dissenting:

I respectfully dissent.  Defendant is charged with five counts of arson, in violation of 18 U.S.C. § 844(f)(1), (i).  She allegedly set fire to, and ultimately destroyed, five Seattle Police Department vehicles by using an aerosol can and lighter as an improvised blowtorch.  Defendant allegedly committed these offenses blocks away from a large protest and surrounded by bystanders.  Photographic and video evidence capture her in the act.  Despite the serious nature of the charges, the strength of the inculpating evidence, and defendant's troubling personal history, the district court granted pretrial release.

This result does not square with the Bail Reform Act.  Pre-trial detention is appropriate when a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  If there's probable cause to believe a defendant committed arson, or another enumerated offense, a rebuttable presumption arises that no set of adequate conditions exists and detention is warranted.  18 U.S.C. § 3142(e)(3).

 Defendant therefore bears the initial burden of production to show that she is not a flight risk or danger to the community.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *see also United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).  Even if defendant meets this initial burden of production, the

20-30154

presumption "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors in § 3142(g).'" *Hir*, 517 F.3d at 1086 (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, the district court correctly cited the statutory presumption in the legal standard section of its order but failed to address it in its analysis. There is no discussion of whether or how the defendant met her initial burden of production. *See, e.g.*, *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) ("Significantly, there was no finding that defendant was successful in rebutting [the presumption]."). The district court's analysis is also silent regarding the ongoing evidentiary role of the presumption after defendant meets the burden of production. For example, in its release order, the district court pointed to the letters of support from defendant's family and underscored that defendant's alleged crimes constituted an "act of protest," but neglected to weigh these factors against the statutory presumption.

In assessing whether conditions exist which would reasonably mitigate the risk of flight or danger to the community posed by a defendant, courts are to examine: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the history and characteristics of the person;

20-30154

and (4) the nature and seriousness of the danger defendant would pose to the community if released.  *See* 18 U.S.C. § 3142(g).

Once the statutory presumption is considered in conjunction with the § 3142(g) factors, the error in the district court's decision to release defendant is apparent.

Defendant has a strong incentive to flee.  She is charged with serious crimes and, if convicted, will face either a five- or ten-year mandatory minimum sentence. *See Townsend*, 897 F.2d at 995 (considering the "potential sentences threatening the defendants" in assessing flight risk).  The weight of evidence against her, while the least important factor, also appears strong.  *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).  Moreover, defendant has failed to appear to face criminal charges on *six* prior occasions.  Also troubling is the evidence of defendant's recent travel to Belize and Mexico, without a valid U.S. passport.

Defendant also poses a significant danger to the community.  She is charged with destructive, dangerous, premeditated offenses.  Torching vehicles (with gas tanks laden with gasoline) in downtown Seattle during a massive protest poses an obvious, significant risk of physical harm or death to innocent bystanders.  This danger is in addition to the risk – which the district court *did* recognize – that such a destructive act would serve to inflame an already unstable situation.  What is more, the record suggests that this was not a spontaneous act.  Rather, the fact that

20-30154

defendant attended the protest with an aerosol can and a lighter – items not normally associated with peaceful protesting – suggests that her alleged offenses were the result of careful premeditation.

The district court also noted that defendant's alleged offenses appeared to have "been an act of political protest during perhaps the largest outcry over police violence in history."  I find it a dubious proposition that a defendant who allegedly committed a dangerous and destructive act is somehow less of a danger simply because she was motivated by a desire to make a political statement.

I thus believe that the government met its burden of showing that defendant posed either a flight risk or danger to the community.  The district court imposed a number of conditions to try to address these risks, but they essentially boil down to three: (1) a requirement that defendant's mother serve as third-party custodian, (2) location monitoring, and (3) mental health counseling.  Given defendant's strong incentive to flee, her track record of failing to appear, and the nature of the charges she faces, these conditions are inadequate to mitigate the risk of flight or the danger posed to the community to any meaningful degree. *See, e.g.*, *Townsend*, 897 F.2d at 994-95 ("Nor does the wearing of an electronic device offer assurance against flight occurring before measures can be taken to prevent a detected departure from the jurisdiction.").  Further, defendant has allegedly shown herself to have the skills and motivation to turn routine household goods into tools of

6

destruction.  In short, I believe the record clearly establishes what the Bail Reform Act presumes: no condition or combination of conditions will reasonably assure defendant's appearance or the safety of the community.

Given the above, I would reverse the district court's pre-trial release order. At the very least, I would remand to the district court to allow it to explain its release order in the context of the statutory presumption in favor of detention.

20-30154